# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2021

Lyle W. Cayce
Clerk

No. 19-60644
Summary Calendar

Thushanthan Thangavelrajah,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A215 766 011

---

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Thushanthan Thangavelrajah, a native and citizen of Sri Lanka, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and protection under the Convention Against

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60644

Torture (CAT). He argues that he is eligible for asylum because he demonstrated a pattern or practice of discrimination; that the BIA failed to address his arguments that he was subjected to persecution based on his ethnicity or would be subjected to future persecution based on being a failed asylum seeker, and that he is entitled to protection under the CAT. Thangavelrajah does not substantively challenge the adverse credibility determination or the dismissal of his withholding of removal claim and, therefore, has abandoned review of these issues. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). Moreover, because he failed to exhaust his claim that the BIA engaged in impermissible fact-finding, we lack jurisdiction to address this argument. *See* 8 U.S.C. § 1252(d); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). To establish eligibility for asylum, an applicant must prove that he is unwilling or unable to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A)). An applicant is not required to provide evidence that he would be singled out for persecution in his home country if he demonstrates that there is a practice or practice of persecution against an identifiable group on account of a protected ground and that he is a member of that group. *Cabrera v. Sessions*, 890 F.3d 153, 160 (5th Cir. 2018) (citing 8 C.F.R. § 208.13(b)(2)(iii)).

The record does not compel the conclusion that Thangavelrajah is ethnically Tamil. Although he testified that he was persecuted because of his ethnicity, this claim is insufficient to establish his Tamil ethnicity because his

testimony lacked credibility. *See* 8 U.S.C. § 1158(b)(1)(B); *see also Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017). Moreover, while he submitted a document purporting to be an English translation of his birth certificate that identifies his parents as "Sri Lankan Tamil," this document does not sufficiently establish his ethnicity because it was unaccompanied by a copy of his actual birth certificate. *See Rui Yang v. Holder*, 664 F.3d 580, 586 (5th Cir. 2011); *Matter of S-M-J-*, 21 I. & N. Dec. 722, 725-26 (BIA 1997) (stating that corroborating evidence should be provided if reasonably available and that an explanation should be given if such evidence is not provided). [1] Accordingly, substantial evidence supports the BIA's determination that Thangavelrajah failed to demonstrate that he would be harmed on account of his purported Tamil ethnicity or on account of being a failed asylum seeker in conjunction with his Tamil ethnicity. *See* 8 U.S.C. §§ 1158(b)(1)(B) and 1252(b)(4).

Additionally, while the immigration judge recognized that individuals who leave Sri Lanka illegally or to seek asylum may face persecution or torture upon their return, Thangavelrajah failed to provide evidence that he left Sri Lanka illegally or that the Sri Lankan government would know that he sought asylum in the United States. Thus, substantial evidence supports the determination that Thangavelrajah failed to demonstrate that he would be harmed on account of being a failed asylum seeker. *See* 8 U.S.C. § 1158(b)(1)(B). Likewise, substantial evidence supports the BIA's

---

[1] In addition to the English translation of his purported birth certificate, Thangavelrajah submitted a Sri Lankan identification card accompanied by an English translation. The immigration judge found that the identification card was inconsistent with Thangavelrajah's testimony because the translated identification card stated that he was a farmer while he testified that he was a student and had never been a farmer. The immigration judge found that the documents submitted did not sufficiently establish Thangavelrajah's identity or eligibility for relief.

No. 19-60644

determination that Thangavelrajah failed to prove that it is more likely than not that he will be tortured with the consent or acquiescence of public officials if he returns to Sri Lanka and that he therefore is not entitled to relief under the CAT. *See* 8 C.F.R. §§ 1208.16(c)(2) and 1208.18(a)(1).

Finally, to the extent that Thangavelrajah has submitted additional evidence in support of his petition, this evidence is not properly before the court because we "decide the petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). The petition for review is DENIED in part and DISMISSED in part.